## Vacancy in Representation in Congress.

O'HARA, Dep. Att'y-Gen., Sept. 11, 1930.—We have your request under date of Sept. 8th for an interpretation of, and procedure under, article I, section 2, of the United States Constitution, where a vacancy has occurred in the representation in Congress from this state since the last session of Congress. The next session will convene the first Monday of December, 1930. You desire to be advised whether or not the issuance of a writ of election prior to the convening of the short term of Congress is mandatory.

Article I, section 2, paragraph 4, of the Constitution of the United States provides:

"When vacancies happen in the representation from any state, the executive authority thereof shall issue writs of election to fill such vacancies."

Article I, section 4, paragraph 1, provides:

"The times, places and manner of holding elections for Senators and Representatives shall be prescribed in each state by the legislature thereof; but the Congress may at any time by law make or alter such regulations, except as to the places of chusing [sic] Senators."

The Act of July 2, 1839, P. L. 519, sections 39 to 42, inclusive, provides for the issuance and requisites of the writ of election, time of election and when the writ shall be delivered to the sheriff.

(Sec. 39) "Every writ which shall be issued by the governor of this commonwealth, in pursuance of the constitution of the United States, to supply a vacancy in the representation of the people of this commonwealth in the house of representatives of the United States, shall be directed to the sheriff of the county, or counties, composing the congressional district, and shall particularly express the day on which the election shall be held to supply such vacancy.

(Sec. 40) "If such vacancy shall happen during the session of congress, or if congress shall be required to meet at some time previous to the next general election, the governor shall appoint a time as early as may be convenient for holding such election, otherwise he shall direct the election to be held at the time appointed for holding the general elections.

(Sec. 41) "Every writ for holding a special election, as aforesaid, shall be delivered to the sheriff, to whom the same may be directed, at least fifteen days before the day appointed for such election, who shall forthwith give due and public notice thereof throughout the county, at least ten days before such election, and shall send a copy thereof to at least one of the inspectors of each election district therein."

Article VIII, section 2, of the Constitution of Pennsylvania [as amended] provides:

"The general election shall be held biennially on the Tuesday next following the first Monday of November in each even-numbered year, but the General Assembly may by law fix a different day, two-thirds of all the members of each house consenting thereto: Provided, That such election shall always be held in an even-numbered year."

Where the legislature of a state has failed to "prescribe the times, places and manner" of holding elections, as required by the Constitution of the United States, the Governor may, in case of a vacancy, in his writ of election, give notice of the time and place of election, but a reasonable time ought to be allowed for the promulgation of the notice: Hoge's Election Case (1804), House Reports Contested Election Cases, 52; 1 Watson on the Constitution, 200.

Since the decision in the Hoge Election, the Legislature of Pennsylvania has, pursuant to the provisions of article I, section 4, of the Constitution of the United States, enacted sections 39 to 42 of the Act of July 2, 1839, P. L. 519, *supra*.

In our opinion, and you are so advised, the writ which shall be issued by the Governor of this Commonwealth to fill a vacancy now existing in the representation in Congress from this state should direct the election to be held at the time for holding the next general election, to wit, Tuesday, next following the first Monday of next November, and should be delivered to the sheriff, to whom the same may be directed, in sufficient time to permit the sheriff to give the notice required by law, and these provisions are mandatory.

From C. P. Addams, Harrisburg, Pa.